J-S21012-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JOSEPH SCHMIDT | : | |
| | : | |
| Appellant | : | No. 1894 EDA 2020 |

Appeal from the PCRA Order Entered August 19, 2020
In the Court of Common Pleas of Montgomery County Criminal Division
at No(s): CP-46-CR-0005579-2018

BEFORE: BOWES, J., OLSON, J., and COLINS, J.[*]

MEMORANDUM BY BOWES, J.:                    **FILED AUGUST 6, 2021**

Joseph Schmidt appeals from the August 19, 2020 order denying him

relief under the Post-Conviction Relief Act ("PCRA"). Counsel has filed a brief

pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and

**Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*),[1]

together with an application to withdraw. After thorough review, we grant

counsel's application to withdraw and affirm the order denying PCRA relief.

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] Counsel styled the brief filed on Appellant's behalf on appeal as one filed pursuant to **Anders v. California**, 386 U.S. 738 (1967), rather than as a brief pursuant to **Turner**/**Finley**. We find the procedure acceptable as the requirements of **Anders** are more arduous than **Turner**/**Finley**. **See Commonwealth v. Fusselman**, 866 A.2d 1109, 1111 n.3 (Pa.Super. 2004) (recognizing that direct appeal procedure imposes stricter requirements than **Turner**/**Finley**). We will refer to the brief herein as a **Turner**/**Finley** brief.

A short summary of the underlying facts suffices for our review. Appellant was charged with aggravated assault, two counts of simple assault, one count each of recklessly endangering another person ("REAP"), harassment, unlawful restraint, and false imprisonment arising from his August 3, 2018 assault upon his live-in girlfriend, Julie Darling. After slapping her repeatedly about her head and body, hitting her, and pulling her hair, Appellant punched her in the face, fracturing her orbital bone and right eye socket. As a result of the injuries, Ms. Darling could not work for a month and required specialized medical treatment to care for her eye. *See* Stipulated Bench Trial, 6/4/19, Exhibit C-1 (Stipulated Facts).

On June 4, 2019, the date scheduled for a jury trial, Appellant proceeded to a stipulated bench trial on the aggravated assault charge, in return for which the Commonwealth withdrew the six remaining charges. There was no agreement as to sentence. At the time, both the Commonwealth and defense counsel believed that Appellant's prior record score ("PRS") was one, and that the standard minimum sentence for aggravated assault with a PRS of one was forty-two to sixty months of imprisonment. At the stipulated bench trial, an on-the-record jury trial waiver colloquy was conducted. Appellant stated that he understood his right to a jury trial and what he was foregoing by agreeing to a stipulated bench trial. Appellant also advised the court that he did not want to exercise his other options of a bench trial or a guilty plea.

The court found Appellant's waiver of both his Fifth Amendment right against self-incrimination and right to a jury trial to be knowing, intelligent, and voluntary. *Id*. at 17. Following a proffer on the aggravated assault charge, the court concluded that the Commonwealth had met its burden of proof. Accordingly, the court found Appellant guilty of that charge, and *nolle prossed* the remaining charges. Sentencing was deferred to permit a presentence investigation ("PSI").

The PSI subsequently revealed that Appellant's PRS was not one, but rather that it fell within the repeat felony one and felony two offender ("RFEL") category. The standard range minimum sentence for aggravated assault with a PRS of RFEL was eighty-four to 102 months. In light of the mutual mistake, however, defense counsel and the Commonwealth negotiated a sentence of forty-eight to ninety-six months of imprisonment, which was a standard range sentence for an individual convicted of aggravated assault with a PRS of one.[2]

At the October 1, 2019 sentencing hearing, the trial court questioned Appellant to ensure that he understood that his PRS of RFEL substantially increased the standard range minimum sentence for aggravated assault to which he was exposed. Defense counsel placed on the record the

_____

[2] The Commonwealth earlier had offered Appellant a negotiated plea based on its belief that his PRS was one. If Appellant pled guilty to aggravated assault, the Commonwealth would withdraw all other charges and he would be sentenced to four to eight years of imprisonment. Appellant rejected the Commonwealth's offer.

misunderstanding involving Appellant's PRS, and Appellant acknowledged his understanding that "the low end" of the range of sentence based on his PRS as a RFEL was seven years of imprisonment.   N.T. Sentencing Hearing, 10/1/19, at 7.  Appellant confirmed that counsel had provided him with post-sentence procedures, and that he had signed and initialed the pages.  ***Id***.  Appellant, in response to further questioning by the court, stated that he wanted to enter the sentencing agreement, and acknowledged that he was getting a significant reduction in sentence by virtue of the agreement.  ***Id***. at 8.  Based on the foregoing, the trial court found that Appellant knowingly, voluntarily, and intelligently agreed to the negotiated sentence, and accepted the agreement.  The court imposed the sentence of four to eight years of imprisonment, with credit for time served, and orally advised Appellant again of his post-sentence rights.  ***Id***. at 15.

Appellant did not file a timely post-sentence motion or a notice of appeal.  However, in *pro se* correspondence to the court bearing the date of October 8, 2019, Appellant stated that counsel had abandoned him and asked that the letter be treated as a post-sentence motion and that he be permitted to withdraw his guilty plea.  The court received the correspondence on October 15, 2019, and immediately forwarded it to trial counsel.  ***See*** PCRA Court Opinion, 1/22/21, at 6 n.9.

On February 21, 2020, Appellant wrote to the court seeking reinstatement of his appellate rights *nunc pro tunc*.  The court treated the

correspondence as a PCRA petition, appointed Attorney Matthew W. Quigg as PCRA counsel, and forwarded the correspondence to counsel. *See* Order, 2/25/20, at 1. PCRA counsel filed an amended PCRA petition on Appellant's behalf, which he styled as a Petition to Reinstate Post-Sentence and Appeal Rights. Appellant averred therein that trial counsel was ineffective because he failed to file a post-sentence motion raising two issues that Appellant asked him to raise, namely: (1) that Appellant entered into the stipulated jury trial under the counseled mistaken belief that he possessed a PRS of one, when he was actually a RFEL, "thereby greatly increasing the applicable sentencing guidelines[;]" and (2) that Appellant wished to seek modification of his sentence. *See* Petition to Reinstate Post-Sentence and Appeal Rights, 7/28/20, at 3 ¶ 11(a) and (b). Appellant also alleged that counsel failed to file the appeal he requested. *Id*. at ¶ 14. Appellant alleged that due to trial counsel's ineffective assistance, his post-sentence motion and direct appeal rights should be reinstated *nunc pro tunc*.

The PCRA court held an evidentiary hearing on August 18, 2020, at which Appellant and trial counsel offered contradictory factual testimony about the allegations in the petition. Following the PCRA hearing, the court dismissed Appellant's amended petition.

Appellant filed a notice of appeal and complied with the PCRA court's subsequent order to file a concise statement of errors complained of on appeal

pursuant to Pa.R.A.P. 1925(b).[3]  The trial court penned its Rule 1925(a) opinion.  PCRA counsel sent Appellant a no-merit letter on April 13, 2021, and filed a petition to withdraw pursuant to *Turner*/*Finley* with this Court, together with a brief.  The petition was referred to the panel for disposition.  Counsel identifies one issue that Appellant wishes us to review:

I.   Did the PCRA court err in denying Appellant post-conviction relief where Appellant testified that he directed trial/sentencing counsel to file post-sentence motions and notice of appeal and trial/sentencing counsel failed to file post-sentence motions or notice of appeal to the Superior Court?

*Turner*/*Finley* brief at 4 (unnecessary capitalization omitted).

Where, as here, counsel seeks to withdraw pursuant to *Turner*/*Finley*, we must first determine if he has complied with the pertinent requirements.  First, counsel must conduct an independent review of the record.  *Commonwealth v. Pitts*, 981 A.2d 875, 876 n.1 (Pa. 2009).  Thereafter, counsel must file a "no-merit" letter detailing the nature and extent of his review and list each issue the petitioner wishes to have examined, explaining why those issues are meritless.  He must file a petition to withdraw and provide Appellant with copies of the petition and no-merit letter.  In ruling on

---

[3] PCRA counsel failed to file a timely appeal from the PCRA court's dismissal of Appellant's PCRA petition.  However, counsel filed a petition to reinstate Appellant's PCRA appellate rights *nunc pro tunc*, and the Commonwealth notified the PCRA court that it had no objection.  By order of October 7, 2020, the court reinstated Appellant's PCRA appellate rights, and counsel complied with its direction to file a notice of appeal within thirty days.

whether counsel may withdraw, the court must conduct its own independent evaluation of the record and agree with counsel that the petition is without merit. *See Pitts*, *supra* at 876 n.1; *Commonwealth v. Rykard*, 55 A.3d 1177, 1184 (Pa.Super. 2012).

By letter dated April 13, 2021, counsel informed Appellant that after thorough review of the record, his claim for relief under the PCRA "lacks arguable merit." *See* No-Merit Letter, 4/13/21, at 1. He explained why the arguments Appellant wished to advance were meritless. Counsel enclosed a copy of his motion to withdraw, as well as transcripts from the PCRA hearing, stipulated trial, and sentencing. He advised Appellant that he could hire private counsel or represent himself on appeal.

Counsel addressed in the letter and in the brief filed in this Court the issues set forth in Appellant's PCRA petition and Rule 1925(b) concise statement. Counsel explained why they were meritless, represented that he had reviewed the record, and concluded that the appeal was wholly frivolous. We find that counsel complied with the requirements of *Turner*/*Finley*. Hence, we will proceed with our independent review of the record for purposes of determining whether the appeal is indeed meritless.

In an appeal from the PCRA court's determination, we review "the court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error." *Commonwealth v. Freeland*, 106 A.3d 768, 775 (Pa.Super.

2014) (citation omitted). In doing so "[w]e review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level." *Commonwealth v. Burkett*, 5 A.3d 1260, 1267 (Pa.Super. 2010).

Appellant's issue implicates trial counsel's effectiveness. In order to prevail on such claims, a petitioner "must plead and prove that (1) the claim of ineffective assistance has arguable merit; (2) counsel has no reasonable strategic basis for the action or inaction designed to further the interests of the [petitioner]; and (3) the [petitioner] was prejudiced such that there is a reasonable probability that but for counsel's action or inaction, the outcome of the proceeding would have been different." *Commonwealth v. Diaz*, 226 A.3d 995, 1018 n.1 (Pa. 2020) (citing *Strickland v. Washington,* 466 U.S. 668 (1984); *Commonwealth v. Pierce*, 527 A.2d 973 (Pa. 1987)).

At the PCRA hearing, Appellant testified that he agreed to the stipulated bench trial based on counsel's representation that he had a PRS of one and that he would be sentenced to time served if he admitted his guilt. He maintained that he would have pursued a jury trial had he known that a time-served sentence was out of reach.

Trial counsel acknowledged that he and the Commonwealth operated under the mistaken belief that Appellant's PRS was one, and that he made that representation to Appellant. However, trial counsel specifically stated, "I would have never [said that he would be sentenced to time served] because

- 8 -

going by the facts of the case, knowing the testimony that the complaining witness was going to give, and again knowing the other facts of the case, I would have never said that a time served sentence would have been likely or honored." N.T. PCRA Hearing, 8/18/20, at 9-10.

The PCRA court found that "trial counsel credibly testified that he never informed [Appellant] that he would receive a time-served sentence even when the parties were operating under the assumption that [Appellant's] prior record score was one (1)." PCRA Court Opinion, 1/22/21, at 11. Thus, it found that trial counsel did not represent that Appellant would be sentenced to time served as an inducement to enter the stipulated bench trial.[4] The PCRA court found further that Appellant's responses to the sentencing colloquy belied any claim that his decision to proceed with a stipulated bench trial was not voluntary, knowing, or intelligent. *Id*. at 9. According to the PCRA court, "[Appellant] never indicated any displeasure with his negotiated sentence, nor did he express any confusion regarding the effects of the recently discovered error in the prior record score." *Id*. at 11.

Counsel and Appellant offered contradictory testimony at the PCRA hearing as to whether Appellant asked counsel to file a post-sentence motion. Counsel testified that he learned for the first time that Appellant wanted to

---

[4] We note that the standard guideline sentence for aggravated assault and a PRS of one was forty-two to sixty months of imprisonment. At the time of the stipulated bench trial, Appellant had been incarcerated for approximately ten months.

file such a motion when he received a copy of the letter forwarded by the trial court long after the ten-day period for filing such motions had expired. ***See*** N.T. PCRA Hearing, 8/18/20, at 39. Appellant testified that he instructed trial counsel to withdraw his "guilty plea" immediately prior to sentencing but counsel ignored this request. ***Id***. at 15. Trial counsel testified, however, that Appellant knew he could not get a more favorable sentence than four to eight years of imprisonment, and that was the reason why Appellant did not express any reservation at sentencing to the agreed-upon sentence. ***See id***. at 35.

Based on the foregoing, the PCRA court found credible trial counsel's testimony that Appellant did not ask him to file a post-sentence motion. PCRA Court Opinion, 1/22/21, at 8. Furthermore, the PCRA court reasoned that even if the forwarded letter to counsel could be construed as a valid request for a post-trial motion that counsel ignored, Appellant could not establish prejudice due to counsel's failure to act as the court would not have granted such a motion. ***Id***. Moreover, the PCRA court found no prejudice as Appellant "benefitted from the prior record score error and received a sentence which was far more favorable that he would have received otherwise." ***Id***.

Additionally, the PCRA court discredited Appellant's claim that he asked counsel to file an appeal. The court found that "[a]lthough [Appellant] claimed that he requested trial counsel to file an appeal, trial counsel credibly testified that [Appellant] failed to make such a request. ***Id***.

In short, the PCRA court did not believe Appellant's version of the events. The law is well settled that "[t]he findings of a post-conviction court, which hears evidence and passes on the credibility of witnesses, should be given great deference." *Commonwealth v. Jones*, 912 A.2d 268, 293 (Pa. 2006). *See also Commonwealth v. Widgins*, 29 A.3d 816, 820 (Pa.Super. 2011) (holding questions of credibility in PCRA proceedings are the exclusive province of PCRA judge as factfinder). "In addition, where a PCRA court's credibility determinations are supported by the record, they are binding on the reviewing court." *Commonwealth v. White*, 734 A.2d 374, 381 (Pa. 1999).

In sum, the PCRA court expressly found that counsel did not represent to Appellant that he would get a time-served sentence if he proceeded to a stipulated bench trial, even when he believed that Appellant had a PRS of one. Furthermore, the court credited trial counsel's testimony that Appellant did not ask him to file a post-sentence motion or a direct appeal. We are bound by those credibility determinations as they are supported by the record. Moreover, the court found that Appellant could not establish prejudice as any post-sentence motion would have been unsuccessful. The PCRA court noted that Appellant agreed to a stipulated trial and no agreement as to sentence believing he had a PRS of one. However, the court reasoned that Appellant was in no worse position at sentencing because he received an agreed-upon sentence that was within the standard range for a PRS of one. In light of the

fact that Appellant's PRS was actually RFEL, the court concluded that Appellant benefitted from the mistake as he received a sentence well below the mitigated range for an individual with a PRS of RFEL.

Following our independent review of the record, we concur with PCRA counsel's assessment that there are no non-frivolous issues for appeal and that the PCRA court did not abuse its discretion in denying relief. Our review has not revealed any other non-frivolous issues that could have been raised. Hence, we affirm the PCRA court's order and grant counsel's petition to withdraw.

Application to Withdraw of Matthew W. Quigg, Esquire is granted. Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/6/2021